**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| ROBERT TRENT, | § | |
|     Plaintiff, | § | |
| | § | **Case 5:25-cv-00176-H-BV** |
| v. | § | |
| | § | |
| CAPELLA UNIVERSITY, LLC, | § | |
|     Defendant. | § | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING**
**DEFENDANT'S MOTION TO DISMISS (DKT. 20)**

***Use of Generative Artificial Intelligence:*** *Pursuant to Local Civil Rule 7.2(f), Plaintiff discloses that generative artificial intelligence was used in the preparation of this filing.*

Plaintiff Robert Trent, proceeding pro se, respectfully files this Notice to bring to the Court's attention materials already on the docket that are directly relevant to the pending Motion to Dismiss (Dkt. 20). No new documents are submitted.

### I. Defendant's Admission of Plaintiff's Accommodation Request

Defendant's Motion to Dismiss argues that Plaintiff "simply never completed Capella's accommodation request process" (Dkt. 21 at 11.) However, Defendant's own 2025 EEOC/TWCCRD position statement, filed as Exhibit C to Dkt. 43, states: "On June 21, 2024, Mr. Trent submitted a request for an ADA accommodation." (Dkt. 43-1 at 7.) This admission by Defendant confirms the plausibility of Plaintiff's allegations that he initiated the accommodation process (Compl. at Factual Allegations ¶¶ B.2, B.3) and that Defendant had knowledge of both the disability and the request. To the extent the Court is evaluating whether Plaintiff's failure-to-

1

accommodate claim is plausibly alleged, Defendant's own admission that Plaintiff submitted a request eliminates any question on that point.

## II. Evidence of Defendant's Notice of Plaintiff's Protected Activity

Defendant's Motion to Dismiss argues that "Capella was not on notice" of Plaintiff's protected whistleblower activity, characterizing Plaintiff's February 26, 2025 communication as containing only "one single line" about whistleblower activity with "no additional details." (Dkt. 21 at 5, 20–21.)

Defendant's own Exhibit C to Dkt. 43 tells a different story. On February 26, 2025, two relevant events occurred:

First, at **12:25 PM**, Director RT Taylor forwarded a prior email from Plaintiff to Damon Dodson and Angela Larson, a Senior Employee Relations Specialist, in Defendant's HR department. (Dkt. 43-1 at 91.) In his forwarding message, Director Taylor expressly characterized Plaintiff's discussion of Borrower Defense to Repayment (BDAR) discharges and lawsuits as Plaintiff's **"legal statement (not question)."** (Id.) Notably, in the document as filed by Defendant on this Court's docket, the **two paragraphs in Plaintiff's underlying email discussing BDAR discharges, lawsuits, and Capella's legal challenges appear in yellow highlighting** — while the surrounding text does not. (Id.)

Second, at **5:44 PM** — more than five hours later — Plaintiff sent his "Formal Notice of Legal Violations and Protected Whistleblower Disclosure" to HR and supervisors.

Defendant's own filing thus establishes that its leadership was independently identifying, characterizing, and escalating Plaintiff's references to the university's legal and financial liabilities to HR Employee Relations — with the specific legal content visually marked for emphasis — before Plaintiff even sent his formal whistleblower notice. This is relevant to

whether Defendant had notice of Plaintiff's protected activity as alleged in the Complaint (Compl. at Factual Allegations ¶ C.7; Count II ¶ 4) and is inconsistent with Defendant's assertion that it lacked such notice.

### III. Request

Plaintiff respectfully requests that the Court consider these already-filed materials when evaluating the pending Motion to Dismiss (Dkt. 20).

Respectfully submitted,

/s/ Robert Trent
**ROBERT TRENT**
Pro Se Plaintiff
7510 88th St.
Lubbock, TX 79424
(806) 507-1592
Robert.trent0139@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2026, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system:

Terran C. Chambers – terran.chambers@faegredrinker.com
Daniel G. Prokott – daniel.prokott@faegredrinker.com
Susan A. Yelk – susan.yelk@faegredrinker.com
Sara E. Inman – sara.inman@faegredrinker.com

/s/ Robert Trent
**ROBERT TRENT**

3