**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| ROBERT TRENT, | § | |
|     Plaintiff, | § | |
| | § | **Case 5:25-cv-00176-H-BV** |
| v. | § | |
| | § | |
| CAPELLA UNIVERSITY, LLC, | § | |
|     Defendant. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REASONABLE**
**ACCOMMODATIONS [DKT. 47]**

***Use of Generative Artificial Intelligence:*** *Pursuant to Local Civil Rule 7.2(f), Plaintiff discloses that generative artificial intelligence was used in the preparation of this filing.*

Plaintiff Robert Trent respectfully submits this reply in support of his Motion for Reasonable Accommodations (Dkt. 47) and in response to Capella University, LLC's opposition (Dkt. 49).

**INTRODUCTION**

Plaintiff's motion requests modest procedural accommodations grounded in a documented disability certified by the Texas Workforce Commission. Capella concedes three of the four specific accommodations requested. Plaintiff clarifies the fourth below. Once clarified, the scope of actual dispute is narrow, and the Court's inherent authority to manage its proceedings is sufficient to resolve it.

## I. THE COURT'S AUTHORITY TO GRANT PROCEDURAL ACCOMMODATIONS DOES NOT DEPEND ON THE ADA OR SECTION 504.

Plaintiff agrees that the ADA and Section 504 of the Rehabilitation Act do not, as a statutory matter, bind federal courts. *See Moses v. Sylvia*, 2025 WL 3078709 (S.D. Tex. Nov. 4, 2025). That concession does not resolve this motion.

Federal courts possess inherent authority to manage their proceedings to ensure meaningful access and due process for all litigants. Federal Rule of Civil Procedure 1 directs that the rules be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." That directive, coupled with the Court's inherent authority, provides the framework for procedural accommodations.

The *Moses* court exercised this authority even after determining the ADA did not apply. The court observed that "several of the accommodations that Plaintiff requests are available to every litigant," and granted the specific, concrete requests before it while declining blanket or unspecified relief. *Moses*, 2025 WL 3078709, at *4. Plaintiff's motion follows the same framework: it requests specific, concrete procedural accommodations, not blanket prospective relief.

## II. PLAINTIFF CLARIFIES REQUEST (E) AND CAPELLA CONCEDES THE REMAINING SPECIFIC ACCOMMODATIONS.

Capella's sole substantive objection to the enumerated accommodations concerns Plaintiff's request (e) for "any other accommodations this Court deems appropriate." To eliminate this concern, Plaintiff clarifies that request (e) is not a request for prospective blanket relief. Plaintiff reserves only the right to seek additional accommodations by separate motion if

2

specific circumstances arise that are not addressed by the accommodations granted herein. So clarified, Capella's objection to request (e) is moot.

With request (e) clarified, Capella's opposition confirms that it does not object to: (1) advance notice of proceedings; (2) the ability to file short written position statements in advance of oral proceedings; and (3) the Court putting oral instructions in writing where appropriate. (Dkt. 49 at 2–3.) These are three of the four specific accommodations Plaintiff's motion requests.

### III. THE MOTION DOES NOT SEEK RELIEF FROM DEPOSITIONS, TRIAL, OR LIVE PARTICIPATION GENERALLY.

Capella devotes substantial portions of its opposition to arguing that Plaintiff should not be permitted to avoid depositions, trial, or live participation in the case generally. (Dkt. 49 at 3.) The motion addresses Court proceedings — specifically conferences, hearings, and oral rulings by the Court. It does not purport to modify the Federal Rules governing depositions or trial, and Plaintiff has not sought such relief.

### IV. THE PARTIES' ESTABLISHED CONFERRAL PRACTICE SUPPORTS WRITTEN CONFERRAL IN THIS CASE.

Capella suggests that granting written-conferral accommodations would eliminate Plaintiff's obligation to meet and confer on discovery disputes. (Dkt. 49 at 3.) It would not. It would adapt the manner of conferral to the parties' established practice.

Since July 15, 2025 — before this litigation was initiated — the parties have conferred substantively and continuously via email without objection from Capella. Written conferral has produced substantive exchanges on procedural and substantive issues throughout the pre-litigation and litigation phases of this dispute. Capella's opposition does not identify any

3

particular respect in which this established written conferral process has failed, nor any specific reason why it has become inadequate.

This Court has held that exceptional relief requires "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." (Dkt. 45 at 4, quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).) Capella's generalized concerns about the possibility of written conferral do not meet that standard. The accommodation Plaintiff seeks would continue a conferral practice the parties have successfully used for over nine months, not impose a new one.

### V. CAPELLA'S FOOTNOTES 1 AND 2 ARE ADDRESSED BRIEFLY.

Footnote 1 of Capella's opposition asserts that Plaintiff's documented functional limitations are inconsistent with his former job duties and "led to the termination of his employment." That argument conflates the essential functions of an academic coaching role with functional limitations in real-time processing of novel information in adversarial federal litigation. The former concerns the merits of Plaintiff's underlying ADA claim, which is not before the Court on this motion.

Footnote 2 references *Tijerino v. Spotify USA Inc.*, 2025 WL 1866057 (E.D. La. July 7, 2025), in connection with generative artificial intelligence use. Plaintiff disclosed his use of generative AI pursuant to Local Civil Rule 7.2(f) in both his original motion and this reply. Capella identifies no misstatement of law or fact in any of Plaintiff's filings resulting from that use.

### CONCLUSION

The accommodations Plaintiff requests are procedurally modest, within the Court's inherent authority to grant, and three of four are unopposed. The fourth has now been clarified to

4

eliminate Capella's objection. The conferral-related accommodation continues, rather than departs from, the parties' nine-month established practice. For the reasons stated herein and in Plaintiff's original motion, Plaintiff respectfully requests that the Court grant the motion.

Respectfully submitted,

/s/ Robert Trent
**ROBERT TRENT**
Pro Se Plaintiff
7510 88th St.
Lubbock, TX 79424
(806) 507-1592
Robert.trent0139@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, a true and correct copy of the foregoing Notice and all attachments was served on all counsel of record via the Court's CM/ECF system:

Terran C. Chambers – terran.chambers@faegredrinker.com
Daniel G. Prokott – daniel.prokott@faegredrinker.com
Susan A. Yelk – susan.yelk@faegredrinker.com
Sara E. Inman – sara.inman@faegredrinker.com

/s/ Robert Trent
**ROBERT TRENT**