UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ROBERT TRENT,

Plaintiff,

v.

CAPELLA UNIVERSITY, LLC,

Defendant.

No. 5:25-CV-176-H

**ORDER**

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that Capella University, LLC's motion to dismiss (Dkt. No. 20) be granted for failure to state a claim and that Robert Trent be given an opportunity to file an amended complaint. Dkt. No. 56. Trent objects to the FCR (Dkt. No. 58), though, following the FCR's lead, he also seeks leave to amend. Dkt. No. 59. Because the objections remain pending, the Court addresses the FCR and the objections in this Order. Trent's objections (Dkt. No. 58) are overruled, and the Court adopts the FCR in full. Trent's first and second objections fail on plain-error review, and the remainder fail on de novo review. The Court grants the motion for leave to amend (Dkt. No. 59) without prejudice to a subsequent motion to dismiss.

## 1. Background

The facts alleged in Trent's complaint are discussed at length in the Magistrate Judge's FCR. *See* Dkt. No. 56 at 1–4. In short, Trent was previously employed as an "Academic Coach" for Capella, an online, for-profit educational institution. *Id.* at 1–2. Trent has Attention Deficit Hyperactivity Disorder (ADHD) and autism. *Id.* at 2. After disclosing his conditions to Capella, Trent says he came under increasing scrutiny from his

employer, receiving warnings about his performance and for "speaking rudely" to a student. *Id.* at 2–3 (quoting Dkt. No. 1 at 2). Around this time, Trent began to "investigat[e] and report[]" suspected fraud by Capella in violation of Title IV. *Id.* at 3 (quoting Dkt. No. 1 at 3). He reported this fraud to human resources and his supervisors, who found no evidence of fraud and fired Trent. *Id.*

Trent filed a charge with the EEOC, but the EEOC declined to take up the claim, and Trent instead received a right-to-sue letter. *Id.* at 2. He then filed this lawsuit. *See* Dkt. No. 1. He alleges violations of the Americans with Disabilities Act (ADA), Rehabilitation Act (RA), and violations of the False Claims Act (FCA). *Id.* at 6–8. Capella moved to dismiss under Rule 12(b)(6) (Dkt. No. 20), and the Magistrate Judge issued an FCR recommending that the motion to dismiss be granted with prejudice unless Trent amended his complaint to cure the deficiencies. Dkt. No. 56 at 28.

## 2. Legal Standards

### A. Review of the Magistrate Judge's Recommendations

A party who seeks to object to any part of a magistrate judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party timely objects, a magistrate judge's FCR regarding a dispositive matter is reviewed de novo. Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *See id.* Objections to the FCR must be "specific," such that they "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex.), *R. & R. adopted*, 458 F. Supp. 3d 559 (E.D. Tex. 2020)). The district court need not consider "frivolous, conclusive or general objections." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc). Likewise, a mere disagreement with a recommendation or summary of previously presented arguments cannot trigger de novo review and is thus reviewed for plain error. *Leslie G. v. Kijakazi*, No. 5:21-CV-202, 2023 WL 2536111, at *3 (N.D. Tex. Mar. 16, 2023) (citing *Hernandez v. United States*, No. PE:11-CR-442-RAJ(I), 2016 WL 6998387, at *16 (W.D. Tex. Apr. 26, 2016)).

**B. Motion to Dismiss under Rule 12(b)(6)**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must plead facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

In resolving a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Richardson v. Axion Logistics, LLC*, 780 F.3d 304, 304–05 (5th Cir. 2015) (quoting *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 146 (5th Cir. 2010)). But a court should not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of stating a plausible claim to relief. *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## 3. Analysis

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). Finding no plain error, the Court accepts and adopts these portions of the FCR. Trent timely filed eight objections to the FCR. *See* Dkt. No. 59. The Court considers each of Trent's arguments in turn, overrules the objections, and adopts the FCR in full.

### A. Trent's first two objections are subject to plain-error review and are overruled.

Trent's first objection addresses the FCR's exclusion of "all eight exhibits [that Capella] attached to its motion," saying that these exhibits would cure the deficiencies identified in the complaint. Dkt. No. 58 at 5. The second objection similarly asserts that his complaint's failure to adequately allege an accommodation request is cured because

Capella's "own brief acknowledges" the existence of the inadequately pled accommodation request. *Id.* at 6. He asserts both objections are subject to de novo review. *Id.* at 5–6.

He is mistaken. Neither argument is supported with legal authorities. *Id.* And neither argument addresses the FCR's contention that documents and representations outside the complaint, with limited exception, are inadmissible for purposes of a motion to dismiss. Dkt. No. 56 at 6–8. These objections are general and otherwise merely disagree with the FCR. Such objections are subject to plain-error review. *Leslie G.*, 2023 WL 2536111, at *3. Finding none, the first and second objections are overruled.

### B. Trent's third and eighth objections—to the interactive-process framework—fail on the merits.

Trent's third and eighth objections assert that the FCR improperly analyzed the interactive-process framework of the ADA and RA in violation of Fifth Circuit precedent. Dkt. No. 58 at 7, 14–16. The Magistrate Judge concluded that "[b]ecause Trent has not pleaded facts showing that he requested a particular accommodation," it was unnecessary to "consider whether Capella failed to engage in an interactive process." Dkt. No. 56 at 15. That is because, as the Magistrate Judge explained, "it is a plaintiff's 'submission of a request for accommodation [that] triggers the employer's obligation to participate in an interactive process.'" *Id.* (alteration in original) (quoting *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 245 (5th Cir. 2025)). The Court reviews this objection de novo.

As an initial matter, Trent's objection comes up short. Even had the Magistrate Judge erred here, her recommendation to dismiss the ADA and RA claims rested on two independent grounds: that "Trent has not plausibly alleged that he is a qualified individual or that he requested accommodation." *Id.* at 15–16. Both allegations are necessary. *See id.*

at 9–10. While Trent raises an objection to the qualified-individual determination below, that objection fails. So, any error here would not disturb the underlying recommendation.

Even so, Trent is wrong on the merits. *Strife* acknowledges that an ADA interference claim may arise even in the absence of the normal interactive process. *See* 138 F.4th at 251 n.5. But those cases are ones where the employer simply makes the form unavailable. *Id.* Otherwise, the employee must submit a "specific request[] for an accommodation." Dkt. No. 56 at 17 (quoting *Taylor v. Univ. of Miss. Med. Ctr.*, No. 23-60246, 2024 WL 512559, at *4 (5th Cir. Feb. 9, 2024)). Here, Trent opted not to begin the process because he believed any attempt to comply would be "prohibitive and lengthy." *Id.* at 14 (quoting Dkt. No. 1 at 3). But the point of the interactive process is that it is a "bilateral discussion between employer and employee." *Strife*, 138 F.4th at 252. That necessitates some investment of time and energy, which Trent declined in favor of a noncompliant form. *See* Dkt. No. 1 at 3–4. Thus, the objection is overruled.[1]

**C. Trent's False Claims Act objection fails on the merits.**

Trent's fourth objection is to the FCR's analysis of his FCA claim. An FCA claim requires that (1) the employee engaged in a protected activity, (2) the employer's knowledge of the activity, and (3) termination due to engaging in the activity. Dkt. No. 56 at 22 (citing *United States ex rel. Johnson v. Kaner Med. Grp., P.A.*, 641 F. App'x 391, 395 (5th Cir. 2016)).

---

[1] Trent argues that the "complaint alleges a statement of finality that made the formal process futile"—namely, that a supervisor told him an accommodation would not relieve him of his obligation to follow Capella's professional-communication standard. Dkt. No. 58 at 7–9 (emphasis omitted). But the complaint states that this comment came "*after* his initial accommodation request"—that is, his noncompliant request. Dkt. No. 1 at 4 (emphasis added). Because the interactive process never began, the later statement does not salvage Trent's complaint. Moreover, these statements do not reasonably infer bad faith, as Trent urges in his objection. Dkt. No. 58 at 8–9. Thus, the Magistrate Judge did not err.

The FCR concluded that Trent failed to "allege[] sufficient facts to show that he engaged in protected activity of which Capella was aware"—that is, the first and second elements. *Id.* at 27.

Trent urges that the Magistrate Judge applied the wrong standard to the second element. In her recommendation, the Magistrate Judge refers to the *Robertson* standard, which requires that the plaintiff "must show that the employer was on notice of the distinct possibility of *qui tam* litigation." Dkt. No. 56 at 22 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 748 F. Supp. 2d 95, 104 (W.D. Tex. 2010)); *see Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir. 1994). According to Trent, *Robertson* is distinguished by a 2009 amendment to the FCA that no longer requires notice of litigation, provided there are efforts to stop the violation. Dkt. No. 58 at 9–11; *see* 31 U.S.C. § 3730(h)(1).

It is unnecessary to decide what standard is correct here, however. Even courts that adopt the view Trent proposes require that the employer is "on notice" that the employee tried to stop the FCA violations. *See United States ex rel. Ascolese v. Shoemaker Constr. Co.*, 55 F.4th 188, 195 (3d Cir. 2022); *Singletary v. Howard Univ.*, 939 F.3d 287, 299 (D.C. Cir. 2019). The requirement continues to apply in the Fifth Circuit, too. *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 323 (5th Cir. 2016). In rejecting Trent's claim, the Magistrate Judge observed: (1) Trent's October 2024 report was insufficient to show protected activity because he did not "allege whether he reported these violations and to whom he reported," Dkt. No. 56 at 24–25; (2) his February 2025 report "[did] not reference [his] false-claims investigation or the FCA, nor did it mention that he suspected Capella was committing fraud," *id.* at 25; and (3) his December 2024 report did not raise a concern that

Capella—but rather a student—was "defrauding the government or otherwise illegally using federal funds" and did not warn Capella of FCA liability. *Id.* at 26–27. Because Trent does not adequately allege that Capella was on notice of Trent's efforts to stop the alleged FCA violations, his claim fails.

**D. Trent's fifth, sixth, and seventh objections are frivolous.**

Next are Trent's fifth, sixth, and seventh objections. Each is frivolous.

Trent's fifth objection claims the FCR contradicts itself by stating in one breath that "determining what constitutes an essential job function . . . is inappropriate at the motion-to-dismiss stage," but elsewhere dismissing Trent's claims for failure to allege those same essential functions. *Id.* at 11 (quoting Dkt. No. 56 at 13 n.1). This objection takes the quoted footnote out of context. The Magistrate Judge declined to adopt *Capella*'s definition of essential job functions as injecting factual disputes into the record—something courts do not do at the motion-to-dismiss stage. *See* Dkt. No. 56 at 5 (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). But the Magistrate Judge rejected Trent's claims here for failure to *allege* the essential functions, which is the proper subject of the Magistrate Judge's inquiry. Dkt. No. 56 at 11.

The sixth objection claims the Magistrate Judge cited half-a-dozen cases that apply "the evidentiary demands of those decisions" in the context of summary judgment, thus applying the wrong standard. Dkt. No. 58 at 12. He betrays his argument in the next sentence, complaining that providing certain "specific" language is what he means by an improper "evidentiary demand." *Id.* at 12–13. Having reviewed the cited cases in the FCR, it is apparent that the Magistrate Judge merely asked Trent to abide by the pleading requirements required under the Federal Rules of Civil Procedure. At no point did she ask

whether a genuine dispute of material fact existed, or consider evidentiary submissions from the parties, or do anything else beyond the standard for Rule 12(b)(6) motions.

The seventh objection says that the FCR "systematically recharacterized [Trent's] specific factual allegations as subjective beliefs, thereby evading the obligation to accept them as true." Dkt. No. 58 at 13. He offers no authority for why words like "believes" and "purported" are taboo or suggest improper credibility determinations by the Magistrate Judge. *See id.* The Court perceives none. From its review of the FCR, the Court detects nothing of the alleged downplaying that Trent claims. The Magistrate Judge considered the allegations, concluded they were inadequately pled, and rightfully recommended dismissal.

**E. The Court grants leave to amend.**

The Magistrate Judge further recommended that, if the Court adopted the recommendation to dismiss Trent's claims, that he be given "one opportunity to amend his complaint." Dkt. No. 56 at 28. Thus, Trent asks for leave to amend. Dkt. No. 59.

While Capella opposes the motion for leave to amend (Dkt. No. 64), it did not timely object to the Magistrate Judge's recommendation. As noted above, *supra* Analysis § 3(A), the Court adopts that recommendation for want of plain error. *See Serrano*, 975 F.3d at 502. The Court recognizes that Capella insists the amended complaint (Dkt. No. 59-1) is futile. However, the Court's granting of leave is without prejudice to the filing of a motion to dismiss the amended complaint.

**4. Conclusion**

Accordingly, the Court overrules Trent's objections and adopts the FCR (Dkt. No. 56) in full. The Court grants Capella's motion to dismiss (Dkt. No. 20) and dismisses Trent's complaint. The Court grants Trent's motion for leave to amend (Dkt. No. 59),

which is without prejudice to the filing of a subsequent motion to dismiss. The Clerk of Court is directed to detach the amended complaint (Dkt. No. 59-1) and file it as a separate docket entry in the official record of this case

So ordered on August 28, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE